**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DAVID LYNN MOSS,** ) | |
| **ID # 1457658,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-2416-K (BH) |
| ) | |
| **WILLIAM STEPHENS,** ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief from Judgment Pursuant to Federal Rule 60(b)(6)*, received on July 21, 2015 (doc. 3). It should be construed as a new second or successive habeas petition and transferred to the United States Fifth Circuit Court of Appeals.

**I. BACKGROUND**

David Lynn Moss (Petitioner) previously challenged his 2006 conviction for sexual assault of a child in petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See Moss v. Thaler,* No.3:11-CV-411-M, 2011 WL 6337779 (N.D. Tex. Nov. 17, 2011), *rep. and rec. adopted,* 2011 WL 6367425 (Dec. 19, 2011); *Moss v. Stephens,* No. 3:14-CV-2358-D (BK) (N.D. Tex. July 8, 2014). On February 20, 2006, the State indicted him for sexual assault of a child on or about June 29, 2005, he pleaded not guilty, and he was tried before a jury on July 30-August 2, 2006. *Moss v. Thaler,* 2011 WL 6337779, at *1. The state appellate court recounted the evidence presented at trial:

The record contains evidence that J.T. lived with her mother ("Mother") and her

>   stepfather, Moss, for about eight years. J.T. testified that Moss had sexual intercourse with her on numerous occasions; however, she could only remember the details of one incident on June 29, 2005. J.T. testified that she was home alone with Moss, lying on a living room couch watching television. Moss came into the room, stood up in front of her, pulled down her shorts and his own pants, and had sexual intercourse with her.
>
>   Additionally, J.T. testified that Moss exposed himself to her and touched her in inappropriate ways "in her younger days." Also, in July 2005, J.T., then fifteen, revealed to Mother and other relatives that she was pregnant and that Moss was the father. J.T. gave birth to a full-term baby girl on January 2, 2006; thus, the child was conceived in approximately March 2005. DNA testing showed a greater than 99.99% chance that Moss was the father.

*Moss* v. *State*, 2008 WL 2808934, No. 05-07-01107-CR, slip op. at *1 (Tex. App.-Dallas, July 22, 2008, pet. ref'd).

The jury found Petitioner guilty, and after he pled true to two enhancement paragraphs, the trial court sentenced him to life imprisonment. *Moss v. Thaler,* 2011 WL 6337779, at *1. On direct appeal, he alleged that the evidence was legally and factually insufficient to support his conviction, and that the trial court erred in excluding certain evidence. *Moss v. State,* 2008 WL 2808934, at *1. Petitioner's conviction was affirmed on direct appeal, and his petition for discretionary review was refused on November 19, 2008. *Id.; see* PD-1165-08. The Texas Court of Criminal Appeals ultimately denied Petitioner's first state writ application, filed in December 2009, on the merits without a written order based on the trial court's findings without a hearing. *See Ex parte Moss*, WR-31,051-02 (Tex. Crim. App. January 19, 2011). The Texas Court of Criminal Appeals dismissed two subsequent applications for writ of habeas corpus as successive under article 11.07, § 4. *See Ex parte Moss,* WR-31,051-03 (Tex. Crim App. May 29, 2013) and WR-31,051-04 (Tex. Crim. App. June 10, 2015).

Petitioner has repeatedly sought relief under Federal Rule of Civil Procedure 60(b), including filing

a prior Rule 60(b) motion that was construed as a successive § 2254 petition and transferred to the Fifth Circuit. *Moss v. Stephens,* No.3:14-CV-2358-D (N.D. Tex. July 8, 2014). It denied him leave to file a successive § 2254 petition. *In re Moss,* No.14-10859 (5th Cir. November 3, 2014). He again seeks to challenge the state court habeas corpus application proceeding, claiming that the judge who reviewed his initial § 11.07 application was not the same judge who presided over his trial, so the state court's factfinding procedure was not adequate. (doc. 3, at 2-3.) He also alleges that he was denied a full and fair hearing and due process of law, and that if not for the constitutional violation by the state court, a "favorable resolution of the issues presented would be dispositive of all his claims." (doc. 3, at 3.)

## II. RULE 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). In *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007).

Where a party seeks relief in federal court from the fact or duration of confinement, the claim is

cognizable only as an action for a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 n.14 (1973). Relief through a habeas corpus petition is the "exclusive remedy for state prisoners who 'seek to invalidate the duration of their confinement–either directly through an injunction compelling speedier release or indirectly through a determination that necessarily implies the unlawfulness of the State's custody.'" *Kyles v. Garrett,* 353 F. App'x 942, 945 (5th Cir. 2009) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Here, Petitioner seeks to raise new challenges to the state court's resolution of his state applications for writ of habeas corpus. Because he raises new claims, and because challenges to state convictions are governed by 28 U.S.C. § 2254, his Rule 60(b) motion is properly construed as a § 2254 petition.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th

4

Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner essentially attacks the same conviction he challenged in his prior federal petitions. Under *Hardemon* and *Crone*, he was required to present all available claims in the first federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case. Petitioner's federal petition is successive within the meaning of 28

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

U.S.C. § 2244(b) because it raises claims that could have been raised in his prior federal petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

## IV. RECOMMENDATION

Petitioner's Rule 60(b) motion should be construed as a second or successive habeas petition under 28 U.S.C. § 2254, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

**SIGNED this 13th day of August, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE